J-S47028-23

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PHILLIP TURNER | : | |
| | : | |
| Appellant | : | No. 566 EDA 2023 |

Appeal from the PCRA Order Entered January 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1100642-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PHILLIP TURNER | : | |
| | : | |
| Appellant | : | No. 570 EDA 2023 |

Appeal from the PCRA Order Entered January 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1106161-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PHILLIP TURNER | : | |
| | : | |
| Appellant | : | No. 574 EDA 2023 |

Appeal from the PCRA Order Entered January 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1106171-2004

J-S47028-23

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PHILLIP TURNER :
:
Appellant : No. 576 EDA 2023

Appeal from the PCRA Order Entered January 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1202051-2004

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED FEBRUARY 7, 2024**

Phillip Turner appeals *pro se* from the order denying his untimely-filed petition for post-conviction relief. The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows: After participating in four armed robberies, Turner pled guilty on April 5, 2005, to twenty-one counts of robbery, four counts of conspiracy, four counts of aggravated assault, and four firearm violations. That same day, the trial court sentenced him to an aggregate term of 40 to 80 years of imprisonment. Turner did not file a direct appeal.

On February 17, 2006, Turner filed a timely *pro se* PCRA petition, alleging that his guilty plea was involuntary, and that plea counsel was

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

ineffective. The PCRA court appointed counsel, who filed an amended petition on August 8, 2007. On May 27, 2008, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss the petition without a hearing. By order entered June 24, 2008, the PCRA court dismissed Turner's petition. Turner appealed. On June 8, 2009, this Court affirmed the denial of post-conviction relief. *Commonwealth v. Turner*, 981 A.2d 324 (Pa. Super. 2008) (non-precedential decision). On October 22, 2009, our Supreme Court denied Turner's petition for allowance of appeal. *Commonwealth v. Turner*, 982 A.2d 510 (Pa. 2009).

Over the next decade, Turner filed a series of PCRA petitions that were all unsuccessful. On February 8, 2019, Turner filed the document at issue here, a "Motion to Correct Illegal Sentences Nunc Pro Tunc, Pursuant to Extraordinary Circumstances Provision of 42 Pa.C.S. § 5505 and Court's Inherent Authority." In this motion, Turner asserted that some of his convictions should have merged for sentencing purposes and the trial court's failure to do so resulted in an illegal sentence.

The PCRA court treated Turner's 2019 motion as a subsequent PCRA petition. On October 25, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing because it was untimely-filed, and Turner failed to establish an exception to the PCRA's time bar. Turner did not file a response. By order entered January 24, 2023, the PCRA court dismissed Turner's petition. These appeals followed. We consolidated the

appeals *sua sponte* on April 25, 2023. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Turner raises the following issues on appeal:

(1) Whether this appeal was filed in a timely manner?

(2) Whether the trial court's inherent power of correction is an available remedy to correct an illegal sentence when a remedy under the PCRA is unavailable?

(3) Whether recharacterizing a pro se pleading into a time-barred PCRA petition to preclude review, when another remedy for review is available, runs afoul of the fundamental fairness required by the 14th Amendment?

Turner's Brief at 2.

We first address the Commonwealth's contention that Turner's appeal is untimely. As noted above, the PCRA court denied Turner's petition on January 24, 2023. He filed four notices of appeal that were marked received by the court of common pleas on February 24, 2023—the 31st day after entry of the order. **See** Pa.R.A.P. 903(a) (providing a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Further, the envelope attached to each notice of appeal includes a postage stamp dated February 24, 2023.

However, Turner dated each notice of appeal February 22, 2023. A *pro se* filing by an incarcerated person is "deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence." Pa.R.A.P. 121(f). Turner has not

provided any reasonably verifiable evidence of when he delivered the notices of appeal to prison authorities. Nevertheless, we decline to quash this appeal. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (declining to quash appeal as untimely when notice of appeal was filed three days after deadline by *pro se*, incarcerated appellant, even though the record lacked a postmarked envelope definitively noting the date of mailing); **see also Commonwealth v. McMillian**, 245 A.3d 1045, * 2 (Pa. Super. 2020) (citation omitted) (non-precedential decision) (explaining "[w]hen the filing is received by the relevant court only a few days after the expiration of the filing period, this Court assumes, without remanding for an evidentiary hearing, that the *pro se* filing must have been submitted to prison authorities by the last day of the filing period").

Having found this appeal timely, we next address whether the PCRA court properly considered Turner's latest filing for post-conviction relief as a serial PCRA petition. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*"); **Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

"A claim that crimes should have merged for sentencing purposes presents a challenge to the legality of a sentence." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). The PCRA is the exclusive avenue to collaterally attack the legality of a sentence. 42 Pa.C.S.A. § 9543(a)(2)(vii). Thus, the PCRA court properly considered Turner's motion at issue here as a serial PCRA petition.

Treating Turner's latest filing as a PCRA petition, we must next determine whether the PCRA court correctly concluded that it was untimely filed, and that Turner failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the

lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Turner's judgment of sentence became final on May 5, 2005, thirty days after he failed to file a direct appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Turner had until May 5, 2006, to file a timely PCRA petition. As Turner filed the petition at issue in 2019, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Turner has failed to plead and prove any exception to the PCRA's time bar. Indeed, he acknowledges that he cannot seek relief via the PCRA. **See** Turner's Brief at 7. However, Turner argues that "[w]here a [PCRA] petitioner cannot plead and prove a statutory exception to the PCRA's jurisdictional time-bar after the one-year limitation period has expired, the PCRA is unavailable as a remedy to correct an illegal sentence and the court's inherent power of [sentence] correction remains an available remedy for doing so (correcting an illegal sentence"). **Id.**

Unfortunately for Turner, this Court has rejected his argument. Section 5505 of the Judicial Code reads as follows:

**§ 5505. Modification of orders**

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court acknowledged that, despite section 5505's language, our Supreme Court has "upheld the inherent authority of trial courts to correct patent mistakes in sentences despite the absence of statutory jurisdiction." **Id.** at 519 (citations omitted). As in the instant case, the appellant in **Jackson** argued that the PCRA court possessed the inherent jurisdiction to consider an illegality of sentence claim filed after the expiration of the PCRA filing period.

In addressing this argument in **Jackson**, we first noted that, our Supreme Court, while establishing this exception, cautioned:

This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent mistakes.

**Jackson**, 30 A.3d at 520 (quoting **Commonwealth v. Holmes II**, 933 A.2d 57, 66-67 (Pa. 2007). In **Jackson**, this Court first noted that there was no error in Jackon's sentence. **Jackson**, 30 A.3d at 521. We further held:

Second, even if there was an obvious illegality in Jackson's sentence, the PCRA court would not have had jurisdiction to consider Jackson's claim. **Holmes II** recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505; it did not establish an alternative remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA.

**Id.** Because Jackson's illegal sentencing claim was cognizable under the PCRA, he was required to comply with its time requirements. Additionally, as he had not established a time-bar exception, his serial petition, filed nearly twenty years later, was patently untimely, and the PCRA court did not have jurisdiction to consider his claim.

Here, similarly, Turner filed his serial petition nearly thirteen years after his judgment of sentence became final. He has not attempted to establish a time-bar exception[1] but offers an "alternative remedy" that has been rejected by this Court.

In sum, Turner's motion to correct illegal sentences is cognizable under the PCRA, but it is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claims. **Derrickson**, **supra**.

---

[1] In his reply brief, Turner raises "[a]s a new matter," a claim that his guilty plea was involuntary because the Commonwealth did not present a factual basis for all twenty-one counts of robbery. Turner's Reply Brief at 7. Turner inappropriately raises this new claim for the first time on appeal. **See generally**, Rule 302(a). Nonetheless, because this claim does not establish a time-bar exception, this Court, as well as the PCRA court, lacks jurisdiction to address it.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/07/2024